**Ashot YERANYAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70779.**

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 16, 2004.

Asbet A. Issakhanian, Esq., Glendale, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Michelle E. Gorden, Attorney, Greg D. Mack, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM **

Ashot Yeranyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence a denial of asylum and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition.

Yeranyan testified as to several isolated incidents where individuals harassed or discriminated against him based on his mixed-ethnicity. The IJ properly concluded that the events, as Yeranyan described them, did not rise to the level of persecution. *See Prasad v. INS,* 47 F.3d 336, 340 (9th Cir.1995).

Because the evidence does not compel the conclusion that Yeranyan was persecuted or has a well-founded fear of persecution on account of an enumerated ground, the IJ's determination that he failed to establish eligibility for asylum is supported by substantial evidence. *See Acewicz v. INS,* 984 F.2d 1056, 1061–62 (9th Cir.1993). It follows that he failed to meet the more stringent standard for withholding of removal. *See Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000).

As Yeranyan relies on the same evidence, and points to no additional evidence the IJ should have considered regarding the likelihood of torture if returned to Armenia, Yeranyan's CAT claim must also fail. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

